UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

PRISM PICTURES, INC., a New York corporation,

    Plaintiff,

v.

R. ZACK KENNEDY, an individual,

    Defendant.

CASE NO.:

**COMPLAINT FOR:**
**(1) DECLARATORY RELIEF REGARDING ALLEGED COPYRIGHT INFRINGEMENT [1976 COPYRIGHT ACT, 17 U.S.C. §101 ET. SEQ.]; AND**
**(2) DECLARATORY RELIEF REGARDING ALLEGED BREACH OF CONTRACT (EXPRESS OR IMPLIED)**

Plaintiff PRISM PICTURES, INC. ("Plaintiff") sues defendant R. ZACK KENNEDY ("Defendant") and alleges as follows:

### JURISDICTION AND VENUE

1.    This is a civil action for declaratory relief brought under 28 U.S.C. § 2201(a) with regard to an actual controversy between Plaintiff and Defendant relating to Defendant's assertion that Plaintiff has allegedly infringed one or more of Defendant's purported copyrights under the federal Copyright Act (17 U.S.C. §§ 101 *et seq.*) and has allegedly breached a contract entered into and purportedly breached in the State of Florida at a time when Defendant was a citizen of the State of Florida residing in this judicial District and was engaged in substantial activity therein.

2.    This Court has subject-matter jurisdiction over this action pursuant to 17 U.S.C. §§ 101 *et. seq.* (Copyright Act), 28 U.S.C. §1331 (federal question), 28 U.S.C. § 1338 (regarding federal copyrights) and 28 U.S.C. § 2201 (declaratory judgment). The Court has supplemental

jurisdiction under 28 U.S.C. §1367(a) over the claim regarding alleged breach of contract (express or implied). This Court also has jurisdiction under 28 U.S.C. §1332(a) (diversity of citizenship).

3. Defendant is subject to the personal jurisdiction of this Court and venue is proper in this District under 28 U.S.C. §§ 1391(b) and 1400(a) in that the actual controversy involves acts of alleged copyright infringement, formation and breach of contract that occurred in this District at a time when Defendant was a citizen of Florida and a resident of this District and was engaged in substantial activity therein, and the alleged contracts were purportedly entered into and breached in this District.

## PARTIES

4. Plaintiff is a New York corporation with its principal place of business in New York.

5. Upon information and belief, Defendant was at all relevant times a citizen of Florida residing in this District, but now is a citizen of California residing in Los Angeles County.

## COUNT ONE -- DECLARATORY RELIEF
### (Alleged Copyright Infringement)

6. Plaintiff re-alleges and incorporates by reference Paragraphs 1 - 5, inclusive, as though fully set forth herein.

7. Plaintiff is producing for release a feature-length motion picture entitled "MONSTERS AT LARGE" (the "Film").

8. Defendant has advised Plaintiff, through intermediaries, that Defendant claims that Plaintiff's Film and its underlying screenplay infringe one or more copyrights owned by Defendant, but, despite making such claim both orally and in writing, Defendant has refused to

advise Plaintiff more specifically of the work(s) allegedly owned by him that Plaintiff's Film purportedly infringes ("Defendant's Unidentified Works"), and Plaintiff's search of the U.S. Copyright Database reveals no works registered by Defendant that could support any such claim.

9. An actual controversy has arisen and now exists between Plaintiff and Defendant with regard to their respective rights and duties in relation to Plaintiff's Film in that Defendant contends that the Film and its underlying screenplay infringe one or more copyrights that Defendant claims that he owns in Defendant's Unidentified Works, whereas Plaintiff disputes such claim and contends to the contrary that neither the Film nor its underlying screenplay violate any such rights, or any other rights, that may be held by Defendant.

10. Plaintiff desires a judicial determination of its rights and duties, and specifically a declaration that neither the Film nor its underlying screenplay infringes any copyright that may be held by Defendant in Defendant's Unidentified Works or otherwise.

11. A judicial declaration is necessary and appropriate at this time under the circumstances in order that Plaintiff may ascertain its rights and duties in connection with its production and future distribution and exploitation of the Film. Defendant's claim has created a cloud over the Film and interferes with and injures Plaintiff's plans to produce, distribute and exploit the Film in theatrical, home video, television and other markets and media in the United States and abroad. Unless this controversy is resolved, Plaintiff's ability fully to exploit the Film, in which it has invested substantial amounts of money, will be severely impaired and Plaintiff will be damaged in a substantial amount that is not yet known but which it believes and alleges exceeds $250,000.

## COUNT TWO -- DECLARATORY RELIEF
### (re Alleged Breach of Contract)

12. Plaintiff re-alleges and incorporates by reference Paragraphs 1 – 5, inclusive, as though set forth fully herein.

13. Defendant has, both in writing and orally, advised Plaintiff, through intermediaries, that Defendant claims that Plaintiff and others have violated contractual obligations to him (whether express or implied Defendant has not made clear) that allegedly entitle Defendant to damages and/or profits earned by Plaintiff from its Film. Defendant has refused to advise Plaintiff more specifically of the nature of such alleged contract.

14. An actual controversy has arisen and now exists between Plaintiff and Defendant with regard to their respective rights and duties in relation to Plaintiff's alleged contract with Defendant in that Defendant contends that Plaintiff has such a contract with him, whereas Plaintiff disputes that contention and contends to the contrary that it owes no contractual obligation of any kind to Defendant (whether express, implied-in-law or implied-in-fact, and whether oral or written), either regarding the Film, the Film's underlying screenplay, Defendant's Unidentified Works or anything else.

15. Plaintiff desires a judicial determination of its rights and duties, and specifically a declaration that it has no contract of any kind with Defendant with regard to the Film, the Film's screenplay, Defendant's Unidentified Works, or otherwise.

16. A judicial declaration is necessary and appropriate at this time under the circumstances in order that Plaintiff may ascertain its rights and duties in connection with its production and future distribution and exploitation of the Film, and its lack of any contractual obligation to Defendant. Unless this controversy is resolved, Plaintiff's ability fully to exploit the Film, in which it has invested substantial amounts of money, will be severely impaired and

Plaintiff will be damaged in a substantial amount that is not yet known but which it believes and alleges exceeds $250,000.

WHEREFORE, Plaintiff prays for judgment as follows:

(1) For a declaration that neither Plaintiff's Film nor the Film's underlying screenplay infringes any copyright that may be held by Defendant in Defendant's Unidentified Works or otherwise;

(2) For a declaration that Plaintiff has no contractual obligation of any kind to Defendant with regard to the Film, the Film's screenplay, Defendant's Unidentified Works or anything else;

(3) For its costs of suit and reasonable attorneys' fees incurred herein, pursuant to applicable law; and

(4) For such other and further relief as the Court may deem proper.

DATED: June 17, 2016

/s/ Mary Ruth Houston
Mary Ruth Houston, Esquire
Fla. Bar No.: 834440
SHUTTS & BOWEN LLP
300 South Orange Ave., Suite 1000
Orlando, FL 32801
Telephone: 407-835-6939
Facsimile: 407-425-8316
E-mail: mhouston@shutts.com
Attorneys for Plaintiff
PRISM PICTURES, INC.

ORLDOCS 14761060 4