UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

PRISM PICTURES, INC., a New York corporation,

    Plaintiff,

v.　　　　　　　　　　　　　　　　　　　　　　Case No:   6:16-cv-1055-Orl-41TBS

R. ZACK KENNEDY, an individual,

    Defendant.

## REPORT AND RECOMMENDATION

Pending before the Court is Plaintiff's Motion for Default Final Judgment against R. Zack Kennedy (Doc. 14). For the reasons that follow, I respectfully recommend that the motion be granted.

Plaintiff, Prism Pictures, Inc. ("Prism" or "Plaintiff") is producing for release a feature-length motion picture entitled "Monsters at Large" (the "Film") (Doc. 1 ¶ 7). Through intermediaries, Defendant, R. Zack Kennedy informed Prism that the Film and its underlying screenplay infringe one or more copyrights owned by him (Id. ¶ 8). Despite making such claims orally and in writing, Kennedy has refused to advise Prism of the specific works owned by him that the Film purportedly infringes (Id.). Prism has performed its own search of the United States Copyright Database, but has uncovered no works registered by Kennedy that would support his claims against the Film.

In light of Kennedy's claims, Prism asserts that an actual controversy exists between the parties with regard to their respective rights and duties in relation to the Film. Prism filed this action on June 17, 2016, seeking a judicial determination of its rights and duties vis-à-vis Kennedy. Specifically, Prism seeks a declaration that: (1) neither the Film

nor its underlying screenplay infringes any copyright that may be held by Kennedy, and (2) Prism has no contract of any kind with Kennedy with regard to the Film, the Film's screenplay, Kennedy's unidentified works, or otherwise.

Service on an individual within a judicial district of the United States may be made "by following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." FED. R. CIV. P. 4(e). Florida law permits service of original process "by delivering a copy to the person to be served … or by leaving copies at his or her usual place of abode with any person residing therein who is 15 years of age or older and informing the person of the contents. FLA. STAT. § 40.031(1)(a). Prism obtained good service of process on Kennedy by serving his girlfriend and housemate, Karla Gotcher, a person over 18 years of age, at Kennedy's home on July 21, 2016 (See Doc. 12 at 1).

Prism complied with the Servicemember's Civil Relief Act by searching the Department of Defense's public database and filing a Non-Military Affidavit (Doc. 15-1) on August 29, 2016, stating that Kennedy is not in active duty with the military services of the United States.

On August 15, 2016, Prism moved for entry of a clerk's default against Kennedy (Doc. 11). The clerk entered a default against Defendant on August 18, 2016 (Doc. 13). Plaintiff now moves for entry of a default judgment.

The entry of a default by the Clerk does not necessarily require the court to enter a default judgment. DIRECTV, Inc. v. Trawick, 359 F. Supp. 2d 1204, 1206 (M.D. Ala. 2005). Along with the requirement that the Clerk's entry of default be proper, the Court may enter a default judgment only if the Complaint sufficiently alleges a basis for default judgment. Nishimatsu Constr. Co., Ltd. v. Houston Nat'l Bank, 515 F.2d 1200, 1206 (5th

Cir. 1975).[1] Before the Court will enter judgment pursuant to Fed. R. Civ. P. 55(b), there must be a sufficient basis in the pleadings to support the relief sought. DIRECTV, Inc., 359 F. Supp. 2d at 1206. "The defendant is not held to admit facts that are not well-pleaded or to admit conclusions of law. In short ... a default is not treated as an absolute confession of the defendant of his liability and of the plaintiff's right to recover." Nishimatsu, 515 F.2d at 1206.

Having reviewed the well-pleaded allegations in Plaintiff's Complaint, I find that Plaintiff is entitled to default judgment on its claims. By failing to answer the Complaint, Kennedy has admitted the allegations therein, specifically that: (1) although he contends Prism has infringed one or more copyrights owned by him, he has failed to identify the alleged copyright(s) and Prism, through its own search, has been unable to identify any applicable copyrights; and (2) despite his assertion that Prism breached contractual obligations owed to him, Prism disputes that any contract exists between the parties and further disputes that it owes him any obligations, damages, or profits related to the Film. Consequently, Prism is entitled to a declaratory judgment on its claims. See Aurora Loan Servs., LLC v. Paretas, 2010 WL 1417621, at *2 (M.D. Fla. April 8, 2010) (holding that entry of final judgment was proper in a declaratory action when all the requirements of establishing entitled to default judgment had been met).

Accordingly, after due consideration, I **RESPECTFULLY RECOMMEND** as follows:

1. That the Court **GRANT** Plaintiff's Motion for Default Final Judgment against R. Zack Kennedy (Doc. 14).

---

[1] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir.1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down before October 1, 1981.

2. That the Court enter a declaratory judgment finding that neither the Film nor the underlying screenplay infringes any copyright held by Defendant.

3. That the Court enter a declaratory judgment finding that Prism has no contractual obligation of any kind to Defendant with respect to the Film, its underlying screenplay, Defendant's unidentified works, or otherwise.

4. That Plaintiff be entitled to recover its costs, as established by separate motion.

## NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. See 11th Cir. R. 3-1.

**RESPECTFULLY RECOMMENDED** in Orlando, Florida on August 31, 2016.

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to:

    Counsel of Record
    Unrepresented Parties